IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER P. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-2505-JAR |
| | ) |
| KANSAS UNIVERSITY HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Walter P. Walker brings this action against The University of Kansas Hospital, The University of Kansas Medical Center, and three individuals whom he appears to allege are doctors and a patient-relations representative. Before this case was transferred to this court from the United States District Court for the Western District of Missouri, plaintiff was granted leave to proceed without prepayment of fees ("in forma pauperis") pursuant to 28 U.S.C. § 1915 (ECF doc. 9).

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the

---

[1] 28 U.S.C. §1915(e)(2)(B).

costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2] The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[3]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[4] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[5] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[6] The "court need not accept allegations that state only legal conclusions."[7] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[8]

The undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully recommends

---

[2]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[4]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[5]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[6]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[8]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

that the presiding U.S. District Judge, Julie A. Robinson, dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff's complaint is difficult to follow and contains very little information. It appears, however, that plaintiff commenced this action as a result of a letter he received from the medical facilities. The letter, attached to the complaint, explains, "We understand that during the course of your visits to either the Hospital Emergency Department or to various UKP clinics, you have threatened or intimidated various staff members and employees with physical harm or threats of inappropriate behaviors."[9] The letter further explains that "[t]hreats of harm or intimidation are not acceptable in our health care facilities or on our campus."[10] As a result of plaintiff's alleged behavior, the hospital and associated physicians discharged plaintiff from all further treatment within their facilities.[11] Plaintiff's form complaint states "Defendants have made false claims" against him, and that "violation of plaintiffs [sic] rights include but are not limited to; 1) Persons with Disability Act, 2) malpractice, and 3) abandonment via a psychological team, etc., etc."[12] In a subsequently filed "amendment to complaint," plaintiff appears to add a discrimination claim.[13]

Plaintiff's complaint contains vague legal conclusions without providing any detail

---

[9] ECF doc. 25 at 5.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 2.

[13] ECF doc. 27 at 1.

from which defendants might frame an answer.[14] The court cannot determine which defendant is alleged to have violated which law, or even what action any individual defendant took. Although plaintiff attaches the letter to his complaint, he makes no factual allegations in his complaint. Of particular note, he does not assert facts that might dispute the statements in the letter that he was abusive to medical staff. Plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[15] The undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim. In addition, the undersigned finds that any attempt to amend the complaint would be futile. The undersigned therefore recommends that this action be dismissed.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

The Clerk is directed to send a copy of this report and recommendation to plaintiff by regular and certified mail.

---

[14] *Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

[15] *Hall*, 935 F.2d at 1110.

IT IS SO ORDERED.

Dated July 21, 2016, at Kansas City, Kansas.

                                                 s/ James P. O'Hara
                                                 James P. O'Hara
                                                 U.S. Magistrate Judge