IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER P. WALKER,**

    **Plaintiff,**

    **v.**           Case No. 16-2505-JAR-JPO

**KANSAS UNIVERSITY HOSPITAL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Walter Walker brought this action pro se and in forma pauperis, alleging claims against the University of Kansas Hospital, the University of Kansas Medical Center, and three individuals whom he alleges are doctors and a patient-relations representative. Magistrate Judge James P. O'Hara screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), which applies when a litigant is granted leave to proceed in forma pauperis. On July 21 2016, Judge O'Hara recommended dismissal after screening the Complaint on the grounds that Plaintiff provided vague conclusory allegations without any factual detail that would allow the defendants to answer. Therefore, Judge O'Hara concluded that "there is no logical construction of plaintiff's complaint from which to divine a cognizable claim. In addition, the undersigned finds that any attempt to amend the complaint would be futile."[1] Under Fed. R. Civ. P. 72, Plaintiff had fourteen days to file written objections to Judge O'Hara's Report and Recommendation of dismissal. Plaintiff sought and received one extension of time, and his objection deadline was

---

[1] Doc. 28 at 4.

continued to August 24, 2016. Because no timely objection was filed, the undersigned adopted Judge O'Hara's Report and Recommendation of dismissal on September 6, 2016.[2]

Before the Court is Plaintiff's Motion to Reopen Case, filed on September 14, 2016 (Doc. 35). Because Plaintiff proceeds pro se, the Court must liberally construe his pleadings.[3] The Court liberally construes Plaintiff's filing as a motion to reconsider the Court's Order adopting Judge O'Hara's Report and Recommendation to dismiss his case. Under D. Kan. Rule 7.3(a), a party seeking reconsideration of a dispositive order must file a motion under either Fed. R. Civ. P. 59(e), or 60. This motion was filed within 28 days of the Order, so the Court will construe it as a motion to alter or amend under Rule 59(e).[4] Under Rule 59(e), grounds warranting a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[5] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[6] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[7] A party's failure to present its strongest case in the first instance does not entitle

---

[2] Doc. 32.

[3] *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

[4] *See, e.g.*, *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008); *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).

[5] *Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[6] *Id.*

[7] *Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

it to a second chance in the form of a motion to reconsider.[8]  Whether to grant a motion to reconsider is left to the Court's discretion.[9]

Plaintiff's motion to reopen the case offers no grounds to alter or amend the judgment. Plaintiff indicates that he suffers from mental and physical health issues, and that his homelessness has caused him extreme hardship.  Although the Court is mindful of these difficulties, they do not provide grounds for reopening his case.  Plaintiff states in the motion that his claims involve discrimination, and that he was neglected by the defendants.  But these two allegations do not cure the pleading deficiencies cited by Judge O'Hara in his Report and Recommendation, which has been adopted by this Court.  Accordingly, Plaintiff's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reopen Case (Doc. 35) is **denied**.

**IT IS SO ORDERED.**

Dated: November 14, 2016

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[8]*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[9]*Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).